UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ISAAC ACOSTA-ESPINOSA,

                Plaintiff,

    v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1]

                Defendant.

Case No. C16-5831-JCC

**ORDER REVERSING AND REMANDING CASE FOR FURTHER ADMINISTRATIVE PROCEEDINGS**

Isaac Acosta-Espinosa seeks review of the denial of his application for Supplemental Security Income and Disability Insurance Benefits. The parties agree this matter must be remanded but disagree as to the scope of the remand. Mr. Acosta-Espinoza contends the ALJ erred in: (1) failing to consider degenerative disc disease of the cervical and thoracic spine and degenerative joint disease of the hips at step two; (2) failing to consider whether he met Listing 1.04 at step three; (3) evaluating the medical opinions of Huong Lakin, D.O. and Nancy Armstrong, ARNP; (4) failing to include visual limitations in the residual functional capacity (RFC); and (5) evaluating his own symptom testimony. Dkt. 17 at 1. Mr. Acosta-Espinoza also

---

[1] Nancy A. Berryhill is now the Acting Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted for Carolyn W. Colvin as defendant in this suit. The Clerk is directed to update the docket, and all future filings by the parties should reflect this change.

ORDER REVERSING AND REMANDING
CASE FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 1

notes that his subsequent application for benefits was granted during the pendency of the instant appeal with a disability onset date of the day following the ALJ's decision denying benefits in the instant case. Dkt. 17-1. He contends that, given the ALJ's finding of disability on the subsequent application, "there is no serious doubt that [he] is disabled" and the only question is as to the onset date of his disability. Dkt. 17 at 2, 18. He argues that the evidence the ALJ allegedly erred in considering should be credited as true and the matter should be remanded for an award of benefits. Dkt. 17 at 18. Alternatively, he requests that the case be remanded for further administrative proceedings.

The Commissioner, in response, concedes the ALJ erred at step three in failing to consider whether Mr. Acosta-Espinoza met Listing 1.04 at step three and moves to remand the case for further administrative proceedings. Dkt. 20 at 2. The Commissioner further contends that the subsequent ALJ decision granting benefits should also be considered on remand to determine whether the instant decision denying benefits and the subsequent decision awarding benefits can be reconciled. *Id.* The Commissioner disputes all of Mr. Acosta-Espinoza's other assignments of error. *Id.* at 4-18. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

On May 7, 2013, Mr. Acosta-Espinoza applied for benefits, alleging disability as of September 21, 2011. Tr. 12. Mr. Acosta-Espinoza's applications were denied initially and on reconsideration. Tr. 12, 134-73. The ALJ conducted a hearing on March 5, 2015, as well as a supplemental hearing on August 7, 2015, at which time Mr. Acosta-Espinoza moved to amend

his alleged disability onset date to October 7, 2013.[2]  Tr. 30-131.  On December 28, 2015, the ALJ issued a decision finding Mr. Acosta-Espinoza not disabled.  Tr. 12-23.  Both parties acknowledge that subsequent to that decision, and while the instant appeal was pending, Mr. Acosta-Espinoza filed a new claim for benefits and was found disabled with an onset date of December 29, 2015.  Dkts. 17, 17-1, 20.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[3] the ALJ found:

**Step one:**  Mr. Acosta-Espinoza has not engaged in substantial gainful activity since his alleged onset date of September 21, 2011.

**Step two:**  Mr. Acosta-Espinoza has the following severe impairments: diabetes mellitus with peripheral neuropathy, degenerative disc disease of the lumbar spine, acromioclavicular joint arthritis of the left shoulder, traction detachment of the right retina, status post-surgery, bilateral vitreous hemorrhages of the eyes, and proliferative diabetic retinopathy.

**Step three:**  These impairments do not meet or equal the requirements of a listed impairment.[4]

**Residual Functional Capacity:**  Mr. Acosta-Espinoza can perform light work subject to the following additional limitations: he can frequently balance, stoop, kneel, crouch, and crawl; he can occasionally climb ramps, stairs, ladders, ropes, or scaffolds; and he should have no greater than frequent exposure to vibrations and to hazards as defined by the Dictionary of Occupational Titles (DOT).

**Step four:**  As Mr. Acosta-Espinoza can perform past relevant work he is not disabled.

**Step five:**  In the alternative, as there are jobs that exist in significant numbers in the national economy that Mr. Acosta-Espinoza can perform, he is not disabled.

Tr. 12-23.  The Appeals Council denied Mr. Acosta-Espinoza's request for review making the

---

[2] In his decision, the ALJ only discusses the original alleged onset date and does not mention Mr. Acosta-Espinoza's motion to amend the alleged onset date.  Although it is not ultimately relevant to the Court's decision here, this issue should also be clarified by the ALJ on remand.
[3] 20 C.F.R. §§ 404.1520, 416.920.
[4] 20 C.F.R. Part 404, Subpart P. Appendix 1.

ORDER REVERSING AND REMANDING
CASE FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 3

ALJ's decision the Commissioner's final decision. Tr. 1-4.[5]

**DISCUSSION**

**A.     Step Three**

At step three, the ALJ must determine whether a claimant's impairments meet or equal a listed impairment. 20 C.F.R. §§ 404.1520(a), 416.920(a). The listings describe specific impairments that are considered "severe enough to prevent an individual from doing any gainful activity regardless of his or her age, education, or work experience." 20 C.F.R. §§ 404.1525(a), 416.925(a). A claimant whose impairments either meet or equal a listing is presumptively disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a).

Here, the parties agree the ALJ erred at step three in failing to evaluate whether Mr. Acosta-Espinoza met or equaled Listing 1.04. Mr. Acosta-Espinoza specifically argued at the hearing, as well as in his opening brief, that his impairments met Listing 1.04A. Dkt. 17 at 7-9; Tr. 120. Listing 1.04 provides:

> Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)[.]

20 C.F.R. Part 404, Subpart P. Appendix 1. Mr. Acosta-Espinoza specifically pointed to the evaluation by Patrick J. Halpin, M.D. as evidence that he met the requirements of the listing. Dkt. 17 at 7-9; Tr. 120. The ALJ did not address Dr. Halpin's evaluation in his opinion and the Commissioner does not dispute the ALJ erred at step three in failing to consider Listing 1.04.

---

[5] The rest of the procedural history is not relevant to the outcome of the case and is thus omitted.

Because the ALJ made no findings with respect to Listing 1.04 at step three, and the parties agree this was error, the Court finds remand for further proceedings is necessary for the ALJ to address this issue. On remand, the ALJ should evaluate whether Mr. Acosta-Espinoza met or equaled Listing 1.04 at step three.

**B.     Step Two**

Mr. Acosta-Espinoza also argues the ALJ erred by failing to consider cervical and thoracic degenerative disc disease and degenerative joint disease of the hip at step two. Dkt. 17 at 10.

At step two of the sequential evaluation, the Commissioner must determine "whether the claimant has a medically severe impairment or combination of impairments." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996); 20 C.F.R. §§ 404.1520(a), 416.920(a). The claimant has the burden to show that (1) she has a medically determinable physical or mental impairment, and (2) the medically determinable impairment is severe. *See Bowen v. Yuckert*, 482 U.S. 137, 146 (1987). The step-two inquiry is a "*de minimis* screening device to dispose of groundless claims." *Smolen*, 80 F.3d at 1290. An impairment is medically determinable if it results from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques. 20 C.F.R. §§§§ 404.1527(a), 404.1508(a), 416.927(a), 416.908(a). An impairment or combination of impairments is severe if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§§§ 404.1520, 404.1521(a), 416.920, 416.921(a). An impairment or combination of impairments may be found "'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual's ability to work.'" *Smolen*, 80 F.3d at 1290 (citing *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988)). The claimant has the burden of

proving his "impairments or their symptoms affect his ability to perform basic work activities." *Edlund v. Massanari*, 253 F.3d 1152, 1159-60 (9th Cir. 2001).

With respect to his thoracic spine, Mr. Acosta-Espinoza points to evidence that x-rays revealed abnormalities in the spine at the mid-back, with anterior wedging at T11, T12 and L1. Dkt. 17 at 5. However, Mr. Acosta-Espinoza fails to point to any evidence that this impairment produced symptoms that affected his ability to perform basic work activities. A diagnosis alone is not sufficient to establish a severe impairment. Accordingly, Mr. Acosta-Espinoza fails to establish the ALJ erred in failing toconsider degenerative disc disease of the thoracic spine at step two.

However, with respect to Mr. Acosta-Espinoza's cervical spine the ALJ points out, albeit with less than ideal clarity, that Mr. Acosta-Espinoza was not only diagnosed with cervical degenerative disc disease but he complained of neck pain and was found to have "very diminished reflexes" attributable to cervical spondylosis. Dkt. 17 at 6-7; *see* Tr. 775 (Dr. Snow noting evidence of cervical spondylosis and very diminished reflexes); 773 (Dr. Abbott noting x-ray showed "prominent C7 transverse process as well as multilevel osteophytes throughout the cervical spine. […] multilevel DDD present as well."). Furthermore, with respect to hip degenerative joint disease, Mr. Acosta-Espinoza points to x-rays indicating degenerative changes of the right hip and prominent vascular calcifications suggesting atherosclerotic disease, out of proportion with the patient's age. Dkt. 21 at 6-7; Tr. 473-74, 579. He also points to treatment notes indicating right hip range of motion causing pain with flexion, persistent hip and back pain, right hip, leg and foot pain causing problems with walking, standing, twisting and sitting. Dkt. 21 at 6-7; Dkt. 17 at 5; Tr. 584, 624-85, 684-85. He further notes that his hip impairment is part of the basis for Dr. Lakin's opinion limiting him to sedentary level work. Dkt. 21 at 6-7; Dkt. 17

at 5; Tr. 579-81. This evidence was sufficient to present a colorable claim that cervical degenerative disc disease and hip degenerative joint disease were severe impairments.

The Commissioner argues any step two errors were harmless because the ALJ proceeded beyond step two and Mr. Acosta-Espinoza did not identify a limitation omitted from the RFC assessment. Dkt. 20 at 13-15. An ALJ's failure to properly consider an impairment at step two may be harmless where the ALJ considered the functional limitations caused by that impairment later in the decision. *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). However, here, the ALJ failed to even mention cervical degenerative disc disease or hip degenerative joint disease anywhere in the decision, leaving no means for the Court to determine whether the ALJ considered the effects of these impairments at the later steps. Moreover, the ALJ is required to consider the combined effects of a claimant's impairments, even if an impairment by itself would not rise to the level of a severe impairment. 20 C.F.R. §§ 404.1523, 416.923. If a combination of impairments is medically severe, the ALJ must consider the combined impact throughout the disability determination process. *Id.* The claimant's impairments "'must not be fragmentized in evaluating their effects.'" *Lester v. Chater*, 81 F.3d 821, 828 (9th Cir. 1995) (quoting *Beecher v. Heckler*, 756 F.2d 693, 694–95 (9th Cir.1985)). Here, there is nothing to indicate that the ALJ considered degenerative disc disease of the cervical spine and degenerative joint disease of the hips in combination with any other impairments.

Because the ALJ erred at step two, and the error was not harmless, remand is appropriate. On remand, the ALJ should evaluate cervical degenerative disc disease and hip degenerative joint disease and determine whether they are medically determinable severe impairments and, if they are, whether alone or in combination with other impairments they meet or equal a listing.

**C.     Scope of Remand**

ORDER REVERSING AND REMANDING
CASE FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 7

Mr. Acosta-Espinoza asks the Court to remand the case with directions that the medical opinions of Huong Lakin, D.O. and Nancy Armstrong, ARNP, and his own testimony be credited as true and benefits be awarded. Dkt. 17 at 18. Alternatively, Mr. Acosta-Espinoza asks the Court to remand the case for further proceedings. *Id.*

In general, the Court has "discretion to remand for further proceedings or to award benefits." *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990). The Court may remand for further proceedings if enhancement of the record would be useful. *See Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). The Court may remand for benefits where (1) the record is fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ fails to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). "Where there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014). The application of the "credit-as-true" rule for a direct award of benefits "is a rare exception" to the ordinary remand rule. *Leon v. Berryhill*, --- F.3d --- (9th Cir. Nov. 7, 2017), 2017 WL 5150294 at *2. "Where ... an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency." *Treichler*, 775 F.3d at 1105.

The Court finds that here, where the ALJ failed to address issues in the first instance both at step two and at step three, not all factual issues have been resolved and remand for further proceedings is appropriate. Because the Court finds that remand for further proceedings is necessary at step two, and the parties agree the ALJ erred in failing to consider Listing 1.04 at

step three, the Court does not address the other issues Mr. Acosta-Espinoza raises at later steps. The ALJ's evaluation of the evidence at later steps may change or become moot based on his step two and step three findings. The Court also notes that even if it were appropriate to reach the other issues raised by Mr. Acosta-Espinoza, which it does not, and even if the ALJ did err with respect to those issues, there is other conflicting evidence in the record and the record, as it stands, does not compel a finding of disability during the period in question. Accordingly, remand for further proceedings is appropriate.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should: (1) reevaluate the severity of cervical degenerative disc disease and hip degenerative joint disease at step two; (2) reevaluate the combined effects of all of Mr. Acosta-Espinoza's impairments and evaluate whether his impairments, alone or in combination, meet or equal a listing at step three; (3) specifically evaluate whether Mr. Acosta-Espinoza meets Listing 1.04 at step three; (4) develop the record as necessary and consider any other evidence he or she deems appropriate, including but not limited to the subsequent finding of disability which the Commissioner herself acknowledges should be considered on remand; and, (4) if necessary, reassess Mr. Acosta-Espinoza's symptom testimony, the medical opinion evidence, and his residual functional capacity, and proceed with steps four and five with the assistance of a vocational expert if warranted.

DATED this 27th day of November, 2017.

JOHN C. COUGHENOUR
United States District Judge

ORDER REVERSING AND REMANDING
CASE FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 9