THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ISSAC ACOSTA-ESPINOSA, | CASE NO. C16-5831-JCC |
| Plaintiff, | ORDER |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | |

This matter comes before the Court on Plaintiff's motion for an award of attorney fees (Dkt. No. 24). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and GRANTS in part Plaintiff's motion (Dkt. No. 24).

**I.  Background**

Plaintiff appealed the Commissioner of Social Security's ("Defendant") denial of his benefits application. (Dkt. No. 1.) After Plaintiff filed an opening brief, Defendant moved to remand the matter for further proceedings based on an error in step three of the Administrative Law Judge's ("ALJ") analysis. (Dkt. No. 22 at 1.) Plaintiff opposed the motion, asserting four additional errors meriting reversal. Plaintiff asked to remand for an award of benefits or, in the alternative, for further proceedings based on these errors. (*Id.* at 1–2.) The Court determined the ALJ erred at steps two and three and reversed and remanded for further proceedings in

accordance with its ruling. (*Id.* at 8.) The Court declined to reach the additional errors Plaintiff raised because "the ALJ's evaluation of the evidence at later steps may change or become moot based on his step two or three findings." (*Id.* at 9.) However, the Court directed the ALJ to "reassess" the additional points of error Plaintiff raised, "if necessary." (*Id.*) Plaintiff now moves for an award of attorney fees in the amount of $7405.00, pursuant to the Equal Access to Justice Act, 28 U.S.C. section 2412 ("EAJA"). (Dkt. No. 26 at 5.) Defendant concedes that Plaintiff is entitled to EAJA attorney fees, but argues that the amount requested is unreasonable. (Dkt. No. 27 at 1.) Defendant asks the Court to reduce the award by $1,180.74 to account for 6 of the 7.7 hours Plaintiff's counsel spent opposing its motion to remand. (*Id.* at 3.)

## II. Discussion

Under the EAJA, attorney fees must be reasonable. 28 U.S.C. § 2412(d)(1)(A); *Perez-Arellano v. Smith,* 279 F.3d 791, 794 (9th Cir. 2002). To determine the amount of a reasonable fee, a court starts with "the number of hours expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart,* 461 U.S. 424, 433 n.7 (1983). However, the "important factor of the 'results obtained'" may lead a district court to adjust a fee. *Id.*

Defendant argues that Plaintiff's EAJA award should be reduced for hours expended opposing Defendant's motion to remand for further proceedings because Plaintiff failed to obtain a remand for an award of benefits and prevailed on only one of the additional errors he alleged. (Dkt. No. 27 at 2–3.) Plaintiff responds that he is entitled to a full award of fees because his arguments improved his overall outcome and were neither frivolous nor made in bad faith. (Dkt. No. 28 at 2–4) (citing *Olson v. Colvin*, Case No. C13-0987-RSL, Dkt. Nos. 33, 34 (W.D. Wash. Oct. 15, 2014)).

The U.S. Supreme Court has instructed that a "court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters." *Hensley*, 461 U.S. at 435. However, good faith alone will not preclude a reduction in attorney fees if plaintiff has obtained only partial success. *Id.* at 436. Where successful and unsuccessful claims arise from a "common core of facts" and "related legal theories," a district court examines "the

significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended." *Id*. at 435.

Plaintiff's arguments for an award of benefits on remand were closely related to—likely almost identical to—his argument in the alternative for remand for further administrative proceedings. While the Court did not remand the case for an award of benefits, Plaintiff obtained a significant portion of the relief requested and broader relief than that agreed to by Defendant. (*See* Dkt. No. 22 at 9.) Furthermore, the Court did not reject Plaintiff's additional grounds for reversal, but rather withheld a ruling and directed the ALJ to "reassess" these issues "if necessary" on remand. (*Id.*) This level of success makes the majority of the hours expended on Plaintiff's reply a reasonable basis for attorney fees. However, the Court finds it appropriate to reduce the fee award by $196.79 (1 hour x $196.79 per hour) to account for Plaintiff's failure to obtain a remand for an award of benefits.

### III. Conclusion

For the foregoing reasons, Plaintiff's motion for attorney fees (Dkt. No. 24) is GRANTED in part. Plaintiff is awarded attorney fees in the amount of $7208.21.

If it is determined that Plaintiff's EAJA fees are not subject to any offset allowed under the Department of the Treasury's Offset Program, then the check for EAJA fees shall be made payable to Jeanette Laffoon, based upon Plaintiff's assignment of these amounts to Plaintiff's attorney. Any check for EAJA fees shall be mailed to Plaintiff's counsel, Jeanette Laffoon, at 410-A South Capitol Way, Olympia, WA 98501. The Clerk is DIRECTED to send copies of this order to counsel of record.

DATED this 4th day of May 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C16-5831-JCC
PAGE - 3